[No. 6,805.—In Bank.]

## ESTATE OF MARY KIDDER, DECEASED.

WILL, LOST OR DESTROYED —ESTATES OF DECEASED PERSONS—VARIANCE.—
In an application for the probate of a lost will, if the will was lost or de-
stroyed ·after the death of the testator, it must be alleged and proved to
have been in existence at the time of the death; if it was lost or destroyed
before death, it must be alleged and proved to have been *fraudulently* de-
stroyed during the lifetime of the testator.

APPEAL from an order in the Probate Court of the County
of Santa Clara.   PAYNE, J.

*Burt & Pfister*, for Appellant.

The evidence of petitioner showed that the will sought to be
probated was destroyed before the death of Mary Kidder, and
it was not claimed in the petition that the destruction was
*fraudulent.*

Before any testimony was given, contestant made the point
that no fraudulent destruction of any will during the lifetime
of deceased had been alleged in the petition, and upon that
ground objected to any evidence of a *fraudulent* destruction.
The existence of a will at the time of the death of a party is one
thing; its fraudulent destruction during the lifetime of the
party is quite another.   (Code Civ. Proc. §§ 1339, 471.   See
also *Devoe* v. *Devoe*, 51 Cal. 544.)

*S. A. Barker*, and *Houghton & Reynolds*, for Respondent.

The variance between the allegations of the petition and the
proofs made did not mislead the adverse party to his prejudice,
in maintaining his objections, and therefore was immaterial.
(§§ 469, 470, Code Civ. Proc.)

MYRICK, J.:

This is an appeal from an order of a Probate Court admitting
to probate a paper (or a lost paper) as the will of deceased.
The petition alleges, " that said deceased left a will bearing date
on or about the 2nd day of July, 1878, in the possession of Ira
Stevens, which your petitioner believes and therefore alleges to
be the last will and testament of said deceased, and which said

will has been lost or destroyed, and which was not revoked by the said deceased in her lifetime," and "that said will is in writing," etc. Objections were filed by the husband of deceased, and a trial was had. As to whether the objections presented any issues, no opinion is expressed. The trial was had, and findings were filed, upon the theory that the alleged will was offered as a lost will, fraudulently destroyed in the lifetime of the deceased. The evidence showed, and the Court found, that the paper was burned during her lifetime. No such case as that is presented in the petition. The case presented by the petition is, that the deceased left a will in the possession of one Ira Stevens; that it has been lost or destroyed; and that it is in writing. Averring that at some time she left a will in the possession of Stevens does not aver that she left a will at the time of her decease, in May, 1879. If the will was lost or destroyed after her death, it must be alleged and proved to have been in existence at the time of the death; if it was lost or destroyed before her death, it must be alleged and proved to have been *fraudulently* destroyed in her lifetime. (§ 1339, Code Civ. Proc.) In this petition there is no averment that it was fraudulently destroyed, and the contestant was not called upon to meet any issue of that kind. It is true, that the Court found that it was fraudulently destroyed in her lifetime, but that question had not been presented by the petitioner. On the contrary, while the petitioner in one sentence averred that the will had been lost or destroyed, in another sentence he averred that at the time of filing his petition it was in writing. We do not think that the findings and decree can be maintained upon the petition as presented to us.

The order admitting the will to probate is reversed, with directions that petitioner be permitted to amend the petition, if so advised.

Morrison, C. J., Ross, J., Sharpstein J., McKee J., and Thornton, J., concurred.