[No. 10385. Department One. September 13, 1912.]

*In the Matter of the Estate of* JOHN NEEDHAM.
JOHN I. MELVILLE, *Petitioner and Appellant*, v. ELIZABETH
LAZENBY *et al., Respondents.*[1]

WILLS—LOST WILLS—ESTABLISHMENT — EVIDENCE — SUFFICIENCY.
Under Rem. & Bal. Code, § 1314, providing that no lost will shall be admitted to probate unless its provisions shall be clearly and distinctly proved by at least two credible witnesses, both witnesses must testify to its provisions from their own knowledge of its contents, and not from statements made by the testator.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 1, 1911, in favor of

¹Reported in 126 Pac. 429.

the defendants, in an action to establish a lost will, after a trial on the merits before the court.  Affirmed.

*H. N. Martin, Fred M. Williams,* and *R. M. Webster,* for appellant.

*Hurn & Upton* and *Charles T. Goodsell,* for respondents.

PARKER, J.—The petitioner, John I. Melville, commenced this proceeding in the superior court to establish a lost will which he alleges was executed in March, 1893, by John Needham, late of Spokane county, who died on March 15, 1910.  A trial before the court upon the merits resulted in a judgment denying the prayer of the petitioner, from which he has appealed to this court.

Counsel for appellant has assigned numerous errors based upon the court's sustaining of objections made by counsel for respondents to questions propounded to witnesses in behalf of appellant and to offers of proof made in his behalf. Our view of the correctness of the trial court's final disposition of the cause renders it necessary for us to notice only the force and effect of the evidence so rejected by the court, rather than the somewhat numerous questions presented touching its admissibility.  The will alleged to have been made by the deceased was sought to be established under § 1314, Rem. & Bal. Code, providing as follows:

"Whenever any will be lost or destroyed by accident or design, the superior court shall have power to take proof of the execution and validity of the will, and to establish the same, notice to (all) persons interested having first been given; such proof shall be reduced to writing, and signed by the witnesses.  But no will shall be allowed to be proved as a lost or destroyed will, unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions shall be clearly and distinctly proved by at least two credible witnesses."

We will now notice all of the evidence introduced, and which was offered and by the court rejected, tending to prove the provisions of the will. If all of such evidence was legally insufficient to establish the provisions of the will under the last clause of § 1314 above quoted, then of course the rejection by the court of such evidence would be in any event nothing more than error without prejudice, and would not render the final judgment erroneous.

George Skinner was called and testified in behalf of appellant as one of the attesting witnesses to the will. His testimony is not at all certain as to the deceased's executing the paper he says he signed as a witness. However, he was asked, and answered, the following:

"Q. Can you remember the contents of that paper; could you tell the judge what that paper said? A. Well, I understood it was a will."

He was not permitted to state anything further as to the contents of the paper; the court so ruling, evidently, upon the ground that the execution of the paper as a will had not been shown. H. W. Doane was also called and testified in behalf of appellant as one of the attesting witnesses to the will. His testimony is equally unsatisfactory as to the deceased's executing the paper which he says he signed as a witness. Passing that question, however, he was permitted to testify to enough to clearly show that he did not know anything about the contents or provisions of the paper he witnessed, of his own knowledge. J. M. Adams, an attorney, was called as a witness for appellant. It was sought to be shown by his testimony that the deceased, about the year 1901, showed Adams a paper for the purpose of procuring advice relative thereto; that the deceased then stated to Adams that it was his will; that Adams then examined the paper and became familiar with its contents; that it purported upon its face to be a will of the deceased duly executed by him about the year 1893, and that Adams was able to state its contents and provisions from the knowledge of it

thus obtained. It was also sought to be shown by his testimony what the contents and provisions of this purported will were. This offered proof was, upon objection of counsel for respondents, rejected by the court, apparently upon the theory that it was not competent proof either of the execution of the will sought to be established or of its provisions. Counsel for appellant also offered to prove by the testimony of two other witnesses:

"That they together found an instrument [in 1910], and that the instrument was signed by the name of John Needham, claiming in that instrument to give all his property to John I. Melville, making John Melville executor of a last will and testament, and that that will—that instrument was signed by George Skinner and W. H. Doane as witnesses, and it bore the date of March or April, 1893."

There was no offer to produce the paper. The testimony of one of the witnesses was to the effect that they did not preserve it. This offer was also rejected by the court. A careful reading of the entire record convinces us that this statement of the evidence and offered evidence tending to show the provisions of the will is as favorable to appellant's contentions upon that question as the record will warrant.

Assuming, for argument's sake, that the offered evidence had all been received by the court and that it was all true, would it have been a proving of the provisions of the will by "at least two credible witnesses," as provided by § 1314 above quoted? We think not. The only witness produced who could have possibly testified to the provisions of the will from his own knowledge was the witness Skinner. He did state that he understood that the paper witnessed by him was a will, and it is not impossible, had he been permitted to testify further, he would have been able to state its provisions. But assuming that he would have so testified, that would have been only one witness to its provisions, which would not have satisfied the statute. The offered testimony of the witness Adams would not have amounted to the testimony of

one witness such as the statute contemplates, for it was based entirely upon what he was told by the deceased. He knew nothing either of the execution or contents of the will save as told to him by the deceased.

While in the absence of a statute prescribing the manner of proof and number of witnesses necessary to establish a lost will it has been held that the declaration of the testator may be testified to by a witness who has heard such declaration, as evidence tending to prove the provisions of a lost will, it seems plain to us that the testimony of a witness to such a fact is not proving the provisions of the will by such a witness as is required by this statute. A witness who testifies only to what he learns from statements made by the testator is really giving only hearsay testimony. He could not be said to be testifying to the provisions of the will, but only to what another had stated its provisions to be. We think the two witnesses required by the statute must each be able to testify to the provisions of the will from his own knowledge of its contents. Otherwise its provisions would not be proven by two credible witnesses. In *In re Harris' Estate*, 10 Wash. 555, 39 Pac. 148, the only case decided by this court involving this question, it was said:

"Were it not for the express provisions of our own statute we would have but little difficulty in sustaining the conclusion reached by the trial court upon the point now under consideration, upon eminently respectable authority. It has been held, in the absence of a controlling statute, that in cases like the present the declarations of the testator are admissible as proof of the contents of the will. Beach, Wills, § 73; *Sugden v. Lord St. Leonards*, L. R. 1 Prob. Div. 154.

"But the legislature of this state has said that no will shall be allowed to be proved as a lost will unless its provisions shall be clearly and distinctly proved by at least two credible witnesses. This language is mandatory and cannot be disregarded by the courts. There is but one witness in this case who, according to the evidence, ever saw the will sought to be proven, and he says he never saw it after he signed it as a witness, and did not read it at that time. He further states

that he had no knowledge of the contents of the instrument which he signed, except what he subsequently learned from conversations with the decedent and from an examination of the recorded instrument. There is absolutely no proof of the provisions of the will except the declarations of the decedent, if we exclude the alleged record from our consideration, which we are obliged to do, if for no other reason, because it is not proved to be a correct copy. In New York the statute, which is otherwise like ours, provides that a correct copy of a will shall be equivalent to one witness, in proving its provisions. *Knapp v. Knapp*, 10 N. Y. 278. But here we have no such provision, and even a copy proved to be correct would not take the place of a credible witness. The term 'witness,' as used in the statute, evidently means a person who is sworn and testifies in a case, and not a document or paper merely."

The offered testimony of the two witnesses who found a paper purporting to be a will of deceased is of even less aid to appellant than the declarations of the deceased.

We conclude that, taking all of the introduced and offered evidence which tended to prove the provisions of the will, it would in no event be equal to two credible witnesses testifying to the provisions of the will from their own knowledge as is manifestly required by this statute. Our conclusion upon this question renders it unnecessary to notice the specially assigned errors or the sufficiency of the evidence to prove other facts necessary to establish a lost will.

The judgment is affirmed.

CROW, GOSE, MORRIS, and CHADWICK, JJ., concur.