[No. 17418.   Department Two.   January 17, 1923.]

*In the Matter of the Probate of the Last Will and
Testament of* CHRISTINA BORROW, *Deceased.*

FREDERICK BORROW, *Appellant,* v. KATE VINING *et al.,
Respondents.*[1]

WILLS (42)—ESTABLISHMENT—EVIDENCE—SUFFICIENCY. To estab-
lish a will alleged to have been destroyed by interested parties the
law requires great care and exactness in the proof.

TRIAL (32)—REOPENING CASE—NOTICE. Error cannot be assigned
on the refusal to reopen a case for further evidence, where no
notice was given to the adverse party, after withholding a decision
for a reasonable time to permit the giving of such notice.

Appeal from a judgment of the superior court for
Kittitas county, Davidson, J., entered January 9, 1922,

[1]Reported in 212 Pac. 149.

in favor of the defendants, in an action to establish a will, tried to the court. Affirmed.

*Edward Pruyn* and *Arthur McGuire,* for appellant.
*Austin Mires* and *Carroll B. Graves,* for respondents.

Tolman, J.—This is an action to establish a will, alleged to have been fraudulently destroyed during the lifetime of the maker without her knowledge or consent.

From a decree denying the relief sought and dismissing the action with prejudice, the petitioner has appealed.

It is alleged that Christina Borrow, the wife of appellant, died July 5, 1912, leaving an estate consisting of a one-half interest in real estate and personal property belonging to herself and her husband; that, in her lifetime and about January 6, 1906, the deceased duly executed a written will, by the terms of which she left one dollar to each of her six children, and bequeathed the residue of her estate to her husband; that, while deceased was on her deathbed, and about one month before she died, the will was found by one of her daughters, shown to another daughter, who, after reading it and learning its terms, destroyed it by burning.

The petition was drawn and the case was tried some fifteen years after the alleged making of the will, and the value of the proof offered is affected by the infirmity of human memory, which sometimes plays tricks upon the most honest and best intentioned.

After a careful consideration of all of the evidence, including the surrounding circumstances, shown by the record, we have no hesitancy in holding that appellant failed to establish that any will had ever, at any time, been made by the deceased.

. The law requires great care and exactness in the proof of a written will, even when the instrument itself is preserved and presented, and when the instrument is not presented, the least that can be required is that the evidence to establish its execution and contents must be clear and convincing. The authorities upon this subject have been collated and discussed in a note to the case of *Clark v. Turner,* 50 Neb. 290, 38 L. R. A. 433, and as the evidence here is not sufficient under the mildest rule of law shown by any well-recognized authority, we refrain from a further discussion.

After the case was tried and before the decision was rendered, petitioner made an *ex parte* oral application to the trial court to reopen the case and receive further testimony. The denial of this application is assigned as error. We have examined the affidavit which sets forth the testimony which would have been offered if the case had been reopened, and find it insufficient to change the results. Moreover, the trial court denied the application solely upon the ground that no notice thereof had been given to the opposing parties, and withheld his decision for a reasonable time thereafter to permit of a proper application being made. None such was ever made, and appellant therefore has no basis for complaint.

. We have not found it necessary to consider the evidence the admission of which is assigned as error, and if it be assumed that it was erroneously received, the error was harmless.

The judgment appealed from is affirmed.

Main, C. J., Parker, and Fullerton, JJ., concur.