[No. 26225. Department One. November 17, 1936.]

*In the Matter of the Estate of* REASON L. CALVIN, *Deceased.*[1]

*C. D. Cunningham, James A. Stinson,* and *H. E. Donohoe,* for appellants.

*C. Dell Floyd, Allen, Froude & Hilen,* and *Matthew W. Hill,* for respondent.

STEINERT, J.—This is an appeal from an order setting aside to a widow the whole estate of her de-

[1]Reported in 62 P. (2d) 461.

ceased husband and directing that the estate be closed. The appeal is prosecuted by a daughter and the grandchildren of the deceased, claiming to be heirs to his estate.

Reason L. Calvin, a resident of Toledo, Washington, died July 6, 1935, at the age of about eighty-eight years. He left surviving him his widow, Jessie E. Calvin, who was his second wife, and a number of children and grandchildren by a former marriage. The second marriage, which took place in 1918, was without issue.

Upon the petition of the widow, one T. O. Evanson was appointed, and thereafter duly qualified, as administrator. The estate, consisting of real and personal property, was appraised at a value of $3,036.19. The total claims allowed and paid amounted to $428.78, leaving the estate with a net value of $2,607.41.

Shortly after the appraisement had been made, the administrator and the widow filed their respective petitions asking that the entire estate be set over to the widow. A demurrer to the petition of the administrator, and objections to the petition of the widow, were filed by a daughter and certain of the grandchildren of the deceased. The objections assigned were to the effect (a) that all the property affected by the administration was the separate property of Reason L. Calvin, (b) that Reason L. Calvin and Jessie E. Calvin, had, prior to their marriage, entered into an agreement with each other which provided that, upon the death of either, the survivor would not take or claim any property of the other, and (c) that Reason L. Calvin had left a will devising and bequeathing all of his property to his heirs exclusive of Jessie E. Calvin.

A hearing was had before the court upon the two petitions and the objections above referred to, and

considerable evidence was offered by the respective parties. The court found that the prior proceedings had been due and regular; that all claims, funeral expenses and expenses of administration had been paid or provided for; that the net value of the estate was less than three thousand dollars; and that no homestead had previously been declared upon the real estate. Upon these findings, the court entered its order awarding all the property of the estate to the widow and directing that there be no further administration.

We shall hereinafter refer to the objectors as the appellants and to the widow as though she were the sole respondent.

There are two assignments of error: (1) That the court erred in awarding the estate to the respondent, upon her claim, and (2) that the court erred in refusing to admit certain proof of the contents of the alleged will of the deceased.

Rem. Rev. Stat., §§ 1473 and 1474 [P. C. §§ 9893, 9894], provide for awarding to the surviving spouse property, inclusive of the home and household goods or of the homestead, if any has been declared, having in all a value of not exceeding three thousand dollars. These statutes, taken together, further provide that such award shall not be taken from the separate property of the deceased if otherwise disposed of by will, when there is no minor child living as the issue or adopted child of the surviving spouse and the deceased.

The respondent concedes that the estate was the separate property of Reason L. Calvin, the deceased, and we shall proceed upon the theory that such was its status. It is also the understood fact that there was no minor child living as the issue or adopted child of the respondent and the deceased. So far as

the above statutes are concerned, the question then narrows itself to whether Reason L. Calvin left a will.

The appellants assumed the burden of proving that Reason L. Calvin did leave a will and that the will devised and bequeathed his property to persons including appellants but excluding respondent.

In their attempt to supply the necessary proof, appellants first served upon the respondent a written demand to produce the prenuptial agreement. Respondent failed to produce it and denied that any such agreement was ever made.

Appellants then produced several witnesses, some interested and one disinterested, who testified that, on various occasions, and in their presence, Reason L. Calvin and respondent had declared that they had entered into a prenuptial agreement with respect to their respective separate properties. The disinterested witness, who was an attorney at law, testified that Reason L. Calvin and respondent had at one time consulted him with respect to a contract which they said they had entered into with each other prior to, and in contemplation of, their marriage. The attorney further testified that the contract was not exhibited to him at the time, but that the parties had inquired of him whether a contract which provided that property acquired before marriage, together with its subsequent accretions, should remain separate property, was valid. The interested witnesses went further and testified that, according to the declarations of the contracting parties, the agreement also provided that, in case of the death of either, the survivor or the children of the survivor should not inherit or take any of the property of the one deceased.

The appellants concede, in their brief, that the prenuptial agreement, even if it existed, is, in itself, of no importance in the determination of the present

controversy, but they assert that the fact of its existence bore upon the interest and the credibility of the respondent as a witness. We agree with appellants in their admission and in their assertion and will treat that portion of the evidence just referred to as bearing on the interest and credibility of the respondent.

As affirmative proof of the existence of a will of Reason L. Calvin, a number of appellants' witnesses testified that, upon a certain occasion, the respondent had declared in their presence that Reason L. Calvin had executed a will, that she had it in her possession, and that it was satisfactory. Several of these witnesses were disinterested. Respondent denied that she had made such statement, and another witness, whose interest in the estate was the same as that of the appellants, also denied that respondent had made the statement attributed to her and gave a different version of the alleged conversation.

One of appellants' witnesses, a daughter-in-law of Reason L. Calvin, testified that, upon an occasion some years before, and prior to the death of Reason L. Calvin, she had gone with her husband to the office of a former judge of Lewis county to inquire concerning Reason L. Calvin's will, and that the judge had then exhibited to them an instrument which he declared was such will. The judge who was thus designated was called as a witness for respondent and positively denied the statement attributed to him. He also testified that he had never seen any will of Reason L. Calvin and that he knew nothing whatever about it.

It will thus be noted that the evidence upon the particular issue was in direct conflict. It will also be observed that there was no evidence concerning the contents of the alleged will.

The rule with reference to proving a lost or destroyed will is definitely and emphatically supplied

by statute. Rem. Rev. Stat., § 1390 [P. C. § 10046], so far as it is pertinent here, provides as follows:

"No will shall be allowed to be proved as a lost or destroyed will unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions shall be clearly and distinctly proved by at least two witnesses, and when any such will shall be so established, the provisions thereof shall be distinctly stated in the judgment establishing it, and such judgment shall be recorded as wills are required to be recorded. . . ."

For the purposes of this case, we shall assume, without specifically deciding, that proof of a lost or destroyed will may be made in a proceeding such as the one before us.

It will be noted that Rem. Rev. Stat., § 1390 [P. C. §10046], *supra,* requires two essential things: (1) That it be proved that the will was in existence at the time of the death of the testator, and (2) that its provisions be clearly and distinctly proved by two witnesses.

The proof of each of these essentials must be clear and convincing. *In re Borrow,* 123 Wash. 128, 212 Pac. 149; *Clark v. Turner,* 50 Neb. 290, 69 N. W. 843, 38 L. R. A. 433. The evidence concerning the existence of the will in the case before us is, to say the least, conflicting, and, in any event, does not meet the required degree of proof.

But, if it be assumed that Reason L. Calvin did execute a will, of one kind or another, the second essential required by Rem. Rev. Stat., § 1390 [P. C. § 10046], is wholly lacking. The provisions of the will are not shown at all.

The language of Rem. Rev. Stat., § 1390 [P. C. §10046], is mandatory and may not be disregarded.

*In re Harris' Estate,* 10 Wash. 555, 39 Pac. 148. The two witnesses required by the statute must each be able to testify to the provisions of the will from his or her own knowledge, and not from the declarations of another, even of the testator himself. *In re Needham's Estate,* 70 Wash. 229, 126 Pac. 429. This rule has been upheld in the comparatively recent case of *In re Auritt's Estate,* 175 Wash. 303, 27 P. (2d) 713, although in that case it was further held that, under the evidence, the contents of the will had been established as required by law.

Under their second assignment of error, appellants complain of the refusal of the court to admit in evidence an instrument, in form a will, which was prepared at the instance of Reason L. Calvin a few days before his death, but which, admittedly, was never executed by him. The offer was properly denied. The instrument itself was, of course, not a will, nor did it tend to prove that Reason L. Calvin had previously executed a will.

Witnesses for appellants further testified that respondent had agreed to abide by the provisions of that instrument. Assuming that she did so agree, she would not thereby be held to have waived, or to be estopped to assert, the right given her by Rem. Rev. Stat., §§ 1473, 1474 [P. C. §§ 9893, 9894].

The order appealed from is affirmed.

MILLARD, C. J., MAIN, BLAKE, and GERAGHTY, JJ., concur.