264 P.2d 399

**In re GILMORE'S ESTATE.**

**GEARE et al. v. MOORE.**

**No. 5715.**

Supreme Court of Arizona.

Nov. 30, 1953.

Rehearing Denied Dec. 22, 1953.

314 ›

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for appellant John B. Geare.

Stockton & Karam and James P. Bartlett, Phoenix, for appellant Myrtle Geare, executrix of Will of Hubert E. Geare, deceased.

Moore & Romley and William P. Mahoney, Jr., Phoenix, for appellant Ed A. Geare.

Cunningham, Carson, Messinger & Carson, Phoenix, for appellants Esther Geare Fagan and James F. Geare.

Kramer, Morrison, Roche & Perry, Phoenix, for appellee.

STANFORD, Chief Justice.

Maie Geare Gilmore, a resident of Maricopa County, Arizona, died at Los Angeles, California, on January 30, 1950. On April 18, 1950, a surviving sister of deceased, Frances Geare Moore, appellee herein, filed a petition in the Superior Court of Maricopa County, Arizona, to establish and have admitted to probate an alleged lost will. On May 16, 1950, a written statement of contest was filed by three brothers of the decedent: John B. Geare, Hubert E. Geare, and Ed A. Geare; and later, another brother, James F. Geare, and a sister, Esther Geare Fagan, were joined as party contestants by leave of the court. The representative of the estate of Hubert E. Geare, now deceased, and the other contestants are the appellants.

Issue was joined. The hearing was had on March 16, 1952. Mrs. Paula Samuels, formerly a resident of Phoenix but now residing in the state of Washington, gave testimony by deposition which both appellants and appellee admit is clear and distinct proof of the provisions of the alleged lost will. A second witness, Mr. Harry J. Ellen, testified to the provisions of the will, but his testimony is vague and his memory is hazy as to the provisions of the alleged lost will, and he admits this in his testimony.

After the testimony had been given, the lower court entered its order establishing

the lost will, admitting the same to probate, and appointing an administrator with will annexed. Contestants moved to set aside the order, or in the alternative, for a new trial. The motion was denied, and, thereupon, this appeal was taken.

Appellants make five assignments of error, but the one we believe is determinative of the appeal is the third assignment which we quote:

"The lower Court erred in entering its said Order establishing the lost will of Maie Geare Gilmore, Deceased, admitting the same to probate, and appointing an Administrator with the Will Annexed, *for the reason that the provisions of said alleged Will were not clearly and distinctly proved by at least two credible witnesses.*" (Emphasis supplied.)

And, in support of this assignment of error, appellants rely on Section 38–222, A.C.A. 1939, which reads as follows:

"Proof of lost or destroyed will.— *Whenever a will is lost or destroyed, the court shall take proof of the execution and validity thereof and establish the same, notice to all persons interested being first given, as prescribed in regard to proofs of wills in other cases. All the testimony given must be reduced to writing and signed by the witnesses. No will shall be proved as a lost or destroyed will* unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently destroyed in his lifetime, nor *unless its provisions are clearly and distinctly proved by at least two (2) credible witnesses.*" (Emphasis supplied.)

It may be noticed that the statute reads that *provisions* of the alleged lost will must be "clearly and distinctly proved by at least two (2) credible witnesses." Therefore, the question is: May the provisions of an alleged lost will be proved by combined testimony, i. e., the aggregate testimony of two witnesses whose testimony is considered as a whole in order to prove the provisions of the alleged lost will; or, must the testimony of each witness, considered separately, clearly and distinctly prove the provisions of the lost will? If the testimony of the two witnesses called for by the statute can be combined and thereby considered as a unit, then the lower court could properly find that the lost will had been established and admit the same to probate. If, on the other hand, the testimony of the two witnesses must be weighed separately, then the lower court was in error and the appellants must prevail; this is, in essence, appellants' contention in support of their third assignment of error which we consider here.

The appellee contends that so long as two or more witnesses who are credible testify "harmoniously" as to the contents of the alleged lost will, one witness clearly and distinctly proving the contents of the lost will and the other or others vague in their

remembrance and testimony, then the statute has been complied with and the provisions of the lost will have been clearly and distinctly proved as required. He argues, further, that the provisions of the statute are remedial in nature and should receive a liberal construction.

Section 38–222, supra, sets out the quantum of proof *and* the number of witnesses. The legislature must have meant that the number of witnesses clearly and distinctly proving the provisions of a lost will, which number the legislature has definitely set forth in the statute, be adhered to. Otherwise, two witnesses could be called, and the testimony of only one might, *as in* this case, clearly and distinctly set forth what that witness remembers to be the provisions of the lost will.

It is true that testacy is favored at law. But, such being the case, the law has provided numerous safeguards to protect testacy, and to relax these rules would be to entice and aid error in interpreting and ascertaining whether there was a lost will, and, also, the provisions thereof, and would encourage fraudulent acquisitions of decedents' estates. It is with this in mind that the legislature has enacted that part of Section 38–222, supra, providing for proof of the provisions of a lost will. In so doing, the legislature has favored testacy, but it also provided safeguards against error and possible fraud. With this in mind, the Supreme Court of Idaho said:

"\* \* \* We may personally feel perfectly satisfied \* \* \* but \* \* what are we to say judicially in face of this requirement of the statute, that 'its provisions' must be '*clearly and distinctly proved by at least two credible witnesses*'? One is lacking; shall or can we construe some substitute by way of circumstantial evidence and legal presumptions to take the place of *one* credible witness? Suppose the one witness proponents have produced were not of the high standing and repute of the one who has testified; what should we then do? Was not there a deliberate purpose in the minds of the lawmakers, in adopting this statute, to make as certain and sure of the contents of the lost will as it was to make sure of the due execution of the original by requiring that it be witnessed by the genuine signatures of two subscribing witnesses, no matter how credible each might be?

"This statute authorizing the proof of the contents of a lost will is intentionally strict and prescribes definite and certain proof that *must* be produced; the statute is clear, plain, unambiguous, and mandatory. The moment, however, that the court departs from the plain rule of the statute and undertakes to accept hearsay and circumstantial evidence, to take the place of one witness, it will only be one further step to the acceptance of such

proofs to take the place of *the other witness*. Furthermore, the moment the court opens the door to circumstantial and hearsay evidence and oral statements, to supply the absence of one witness to the *provisions* of the will * * *, it will find itself wandering in a morass of doubts and uncertainties which it was the evident purpose of the lawmakers to obviate. * * *" Hull v. Cartin, 61 Idaho 578, 105 P.2d 196, 200–201.

See, also, In re Calvin's Estate, 188 Wash. 283, 62 P.2d 461, 463, citing earlier Washington decisions, In re Eder's Estate, 94 Colo. 173, 29 P.2d 631, 635, In re Thompson's Estate, 185 Cal. 763, 198 P. 795, 796, and Johnson v. Bruner, 203 Okl. 201, 219 P.2d 211, 213. We agree with the Supreme Court of Idaho. A court may not establish a lost will on the basis of conjecture alone; the statute provides that two credible witnesses must testify as to the provisions of the lost will; and we hold that the testimony must be separately evaluated. To hold otherwise clearly would nullify the statutory requirement that two credible witnesses testify clearly and distinctly showing the provisions of the lost will, and would be contrary to the meaning and purpose for which Section 38–222, supra, exists.

As stated, it is unnecessary to dispose of other matters submitted by appellants.

The order of the trial court admitting the purported lost will to probate is set aside.

PHELPS, LA PRADE, UDALL, and WINDES, JJ., concurring.