### GARRETT CO. et al. v. COLLINS.

No. 14581—Opinion Filed Oct. 7, 1924.

1. **Wills — Wills by Full-Blood Indians — Requisites.**

The Act of Congress, April 26, 1906, sec. 23, 34 Stat. 145, removed the restrictions on alienation by will of all the property of full-blood Indians of the Five Civilized Tribes, except that no will of a full-blood Indian is valid which disinherits the wife, parents, spouse, or children of the testator, unless acknowledged as required by the act.

2. **Same—Acknowledgment.**

Where, after the passage of said act, a full-blood Creek Indian executed a will in proper form devising a substantial part of her allotment to her son and a one-third interest in 20 acres of her allotment to each of certain grandchildren, children of deceased daughters of the allottee, the proviso of such act does not apply, and the will need not be acknowledged as required by the said proviso.

3. **Wills—Validity—Attack by One Accepting Benefits—Estoppel.**

The rule of law is that a party taking a benefit of a provision in his favor under a will is estopped from attacking the validity of the instrument. It is a maxim in a court of equity and it is equally appropriate to the jurisdiction and practice of courts of law not to permit the same person to hold under and against a will.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Garrett Company and Geraldine McClung against H. O. Collins. From judgment in favor of the defendant, plaintiffs bring error. Affirmed.

William Neff and L. E. Neff, for plaintiffs in error.

Turner, Turner, Harley & Parris, for defendant in error.

Opinion by PINKHAM, C. This was an action instituted by the plaintiffs in error. Garrett Company and Geraldine McClung, as plaintiffs, against the defendant in error, H. O. Collins. as defendant, for the purpose of partitioning certain real estate, and for the recovery of a four-ninths interest in 142 acres of the allotment of Sarah A. Doyle, deceased, a full-blood Creek citizen.

The cause was tried upon an agreed statement of facts, which is, substantially, as follows:

That the land involved in this controversy was the homestead allotment and a part of the surplus allotment of Sarah A. Doyle, who was a Creek citizen of full-blood; that Sarah A. Doyle, the allottee of said lands. died on the 29th day of August, 1916, a resident of Creek county, state of Oklahoma; leaving no parent or spouse, but leaving her surviving as her heirs at law and next of kin, Thomas E. Doyle. a son; Garrett Company, a grandson, who was a son of the allottee's deceased daughter; Elmer W. Brown, Joseph W. Brown, and Geraldine McClung, grandchildren, who were the children of another deceased daughter of the deceased allottee, all of said kinsmen being enrolled citizens of the Creek nation of less than full-blood, and all of said persons being adults at the time of the death of the allottee.

On the 3rd day of August, 1916, Sarah A. Doyle made and executed a will containing the following provisions:

"1. It is my will that all that portion of my estate described as follows, to wit: W. ½ of S. E. ¼ or S. W. ¼, sec. 2, Tns. 11 N., R. 16 E.; being twenty acres out of my allotment be sold and the proceeds therefrom divided one-third to Geraldine McClung, my granddaughter, Elmer W. Brown, my grandson, and Garrett Company, my grandson share and share alike so that each of them shall have one-third thereof.

"2. It is my will that all of the rest, residue and remainder of my property, being

my homestead and remainder of my allotment and such other property as I shall die seized and possessed, shall go to and become the property of my grandson, Joseph W. Brown, and my son, Thomas E. Doyle, the east half thereof to go to Thomas E. Doyle and the west half thereof to go to Joseph W. Brown to have and to hold to them and their heirs and assigns forever."

The will was properly subscribed and attested, and was duly probated in the county court of Creek county, the court having jurisdiction thereof, and said probate has become final, no appeal having been taken or prosecuted therefrom.

This was not acknowledged before or approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner, or a judge of a county court of the state.

On the 9th day of August, 1919, the plaintiffs in error, Garrett Company and Geraldine McClung, together with Elmer W. Brown and Joseph W. Brown, the administrators of the estate of Sarah A. Doyle, deceased, made an application for the distribution of said estate, and pursuant thereto the county court of Creek county made and entered its order formally distributing said estate according to the terms and provisions of the will theretofore probated.

It further appears that of the allotment of the deceased, Sarah A. Doyle, Garrett Company, a grandson, and a son of a deceased daughter of the allottee, and Elmer W. Brown and Geraldine McClung, grandchildren, son and daughter of another deceased daughter of the allottee, received under the provision of the will in question the lands described as "the W1-2 of the SW 1-4 of the SW1-4 of sec. 16E." containing approximately 20 acres, and that thereafter the interest of Garrett Company and Geraldine McClung, the plaintiffs in error herein, in said property was conveyed to Elmer W. Brown, and thereafter conveyed by Elmer W. Brown to Roscoe McClung, and thereafter Roscoe McClung and his wife, Geraldine McClung, conveyed to J. C. Cromer, who appeared as the record owner thereof at the time of the trial of the cause.

It further appears that Joseph W. Brown, a grandson, and a son of a deceased daughter of the allottee, received under the will the east half of the lands in controversy herein, his interest amounting to approximately 71.40 acres therein, and that Thomas E. Doyle, a son of the allottee, received as his proportionate share of said allotment under said will the west half of the lands in controversy, and amounting to approximately 71.40 acres.

It further appears that the defendant in error, H. O. Collins, obtained title to the lands in controversy by mesne conveyances from Thomas E. Doyle and Joseph W. Brown.

At the close of all the evidence the cause was argued to the court by counsel for plaintiffs and defendant, and thereupon the court made and entered judgment in favor of the defendant, H. O. Collins, and against the plaintiffs, Garrett Company and Geraldine McClung, to which action of the court the plaintiffs excepted.

Motion for a new trial was overruled, to which action of the court plaintiffs excepted, and the cause comes regularly on appeal of plaintiffs to this court.

For reversal of the judgment the plaintiffs in error submit one specification of error to the effect that the court erred in denying plaintiffs' motion for a new trial, and that the court erred in rendering judgment in favor of the defendant.

It is contended by the plaintiffs in error that the will in question is invalid because it was not acknowledged and approved as required by the Act of Congress, April 26, 1906, sec. 23, which provides:

"Every person, of lawful age and sound mind, may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: provided that no will of a full-blood Indian devising real estate, shall be valid if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States court for the Indian Territory, or a United States Commissioner"

—and sec. 8 of the Act of May 27, 1908, which adds to the end of section 23 the words: "or a judge of a county court of the state of Oklahoma."

It will be observed that the above act of Congress contains a general enactment applicable to all Indians belonging to the Five Civilized Tribes, and a proviso which enumerates certain conditions and formalities which must be observed when a full-blood Indian seeks or attempts to disinherit certain heirs named and specified in the act.

If no attempt is made to disinherit any persons named in the act, then there is nothing that distinguishes a last will and testament of a full-blood Indian from the last will and testament of any other person. Battiest v. Wolf, 97 Okla. 215, 223 Pac. 661.

The first question which naturally arises is, Can anyone other than the designated class, towit, parent, wife, spouse, or children, question the validity of a will executed by

a full-blood Indian under the Act of Congress, April 26, 1906?

The plaintiffs in this case were grandchildren of the allottee, Sarah A. Doyle. Neither plaintiff is included in the proviso contained in the said act. The only one named in the last will and testament of Sarah A. Doyle, who comes within the proviso of the said act of Congress received a substantial amount of real estate under the terms of said will.

The will in question recognized the son, Thomas E. Doyle, and gave to him in acres more than he would have received as an heir at law of the deceased under the laws of succession, as it appears from the record in this case that Thomas E. Doyle, without the will, would have taken only an undivided one-third interest in the entire allottment of his deceased mother, to wit, in acres, 54.13, while taking under the will he received in acres 71.40.

Furthermore, Thomas E. Doyle elected to take under the will, and is making no complaint here.

In the light of the admitted facts disclosed by the record in this case it cannot, we think, be said that the son of the allottee, Thomas E. Doyle, was disinherited of an estate he otherwise would have received had there been no testamentary disposition of the estate of Sarah A. Doyle, deceased.

All of the grandchildren were recognized and provided for in the will.

In the case of Wilson v. Greer, 50 Okla. 387, 151 Pac. 629, the rule announced is to the effect that before anyone can question the validity of a testamentary devise he must belong to some one of the class designated in the proviso of the act of Congress in question. Unless he does belong to one of the classes so designated there can be no disinheritance within the meaning of the act.

As we understand the argument of plaintiffs it is that the rule announced in the case of Armstrong v. Letty, 85 Okla. 205, 209 Pac. 168, is controlling in the instant case.

We think the facts in the Armstrong v. Letty Case disclose no similarity in the facts in the instant case. That was an action wherein one John Letty sought to recover certain real estate devised to Calvin Barnacher by Carrie Letty. John Letty based his right of recovery upon the fact that he was the father of Carrie Letty, and therefore any last will and testament which had for its purpose and object a violation of the proviso in the Act of Congress heretofore set out was invalid and wholly inoperative as against him unless the specified formalities had been observed in the execution of the last will and testament.

The specified formalities had been omitted and the plaintiff, John Letty, was one of the persons named in the Act of Congress whom the testator could not disinherit unless the devise was approved by an officer designated in the statute.

The facts in the instant case do not bring the devise of Sarah A. Doyle, deceased, within the proviso of the said Act of Congress.

Furthermore, it will be observed from the agreed statement of facts that both plaintiffs in error as well as all the beneficiaries under the will are unrestricted Indians, and that so far as the plaintiffs in error, Garrett Company and Geraldine McClung, are concerned they occupy the same position as persons not of Indian blood.

In this case the plaintiffs in error were duly served with notice of hearing on the petition for the probate of the will and the will was duly probated on the 14th day of September, 1916. The plaintiffs in error were named as beneficiaries under the will, and no appeal was prosecuted or taken from the probate. Three years later, in August, 1919, the plaintiffs in error received the property devised to them under the will; thereafter they conveyed the lands devised to them under the will; and three years after the distribution of the estate upon their application they brought this action, attacking the validity of the will.

In the case of Utermehle v. Normant, 197 U. S. 40, 49 L. Ed. 655, it is said in the opinion by Mr. Justice Peckham:

"As to what is the law relating to a party taking the benefit of a provision in his favor under a will, there is really no foundation to dispute the proposition that he thereby is precluded from, at the same time, attacking the validity of the very instrument under which he received the benefit."

The plaintiffs in error do not contend that their ratification and confirmation of the will was procured by fraud or misrepresentation, and in the agreed statement of facts they concede that they were adults at the time of the death of the testator.

We conclude that the plaintiffs in error cannot question the validity of the devise when neither of them comes within the proviso of the Act of Congress, April 26, 1906, and when none of the classes named in the proviso of said act has been deprived of any part of the estate that he would have received under the law of descent.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.