JOHNSON v. BRUNER et al.

No. 33685.    May 23, 1950.

Rehearing Denied June 13, 1950.

*219 P. 2d 211.*

Morse Garrett, of Tulsa, and F. B. Righter, of Broken Arrow, for plaintiff in error.

Wheeler & Wheeler, C. R. Nixon, and A. E. Williams, all of Tulsa, and Glenn O. Young, of Sapulpa, for defendants in error.

WELCH, J. Jensey Johnson, a full-blood Creek Indian, and a resident of Tulsa county, Okla., died on the 2nd day of March, 1946, and left an estate consisting of personal property and real estate located in that county.

Willie Johnson, who claims to be the husband of deceased, contends that she had executed a will bequeathing and devising to him her entire estate, but that such will had been lost and could not be produced. He filed a petition in the county court of Tulsa county for the probate of such lost will.

Mitchell Bruner, a brother of Jensey Johnson, nee Bruner, deceased, and L. V. Tate, Melvin Tate, Iva Mae Tate and Catherine and Boots Tate, children of Tessie Bruner, deceased, and sister of Jensey Johnson, filed separate protests to the probate of the will. Mitchell Bruner in his protest alleges that he is the sole and only heir of Jensey Johnson, deceased, and is entitled to inherit her entire estate and as grounds for his protest alleges the following facts: Deceased was a full-blood Creek Indian. The land here involved constitutes her tribal allotment, homestead and surplus. At the date of her death she left surviving her, no lawful husband, no child, no issue of a deceased child or children, or father or mother or brother or sister except himself, and that he is entitled to inherit her entire estate. He denies that deceased had ever executed a will and in the alternative alleges that if such will was executed it was not lost, but that it was later revoked or destroyed by de-ceased. It is further alleged that if such will was ever executed it was the result of undue influence and fraud practiced upon deceased by petitioner.

Protestants Tates rely on the same grounds of protest as does protestant Bruner. Their protest contains like allegations except they alleged that deceased Jensey Johnson left surviving her no brother or sister, but left surviving, them, as her sole and only heirs, and that they are entitled to inherit her entire estate.

The county court found that deceased had executed a will; that it was lost; that it was attested by two witnesses in the presence of deceased, and that it contained provisions in favor of Willie Johnson, as contended by him.

Upon such finding the county court ordered that the will, containing such terms and provisions specifically stated in detail, be admitted to probate as the last will and testament of deceased.

Protestants appealed to the district court of Tulsa county where the case was tried de novo. After petitioner had rested protestants demurred to the evidence on the ground that petitioner had failed to prove the contents and provisions of the lost will by two credible witnesses and that the evidence was therefore insufficient to authorize the admission of the will to probate.

Upon the lodging of the demurrer counsel for petitioner requested permission to reopen the case and introduce a witness, Sue Johnson, who counsel stated was then present in court and would testify that deceased, subsequent to the execution of the will, stated to her that she had executed a will and stated the manner in which she had disposed of her property by the will. The request was denied and protestants' demurrer to the evidence was sustained and judgment was rendered reversing the judgment of the county court and denying probate of the lost will.

Petitioner excepts to the above ruling and brings the case to this court for review.

It is argued by counsel that the judgment is not sustained by the evidence and is contrary to law. This assignment requires a review of the evidence.

It is conceded by all parties that the deceased was a full-blood Creek Indian. Petitioner testified, in substance, as follows: Deceased died about March 2, 1946. He is the husband of deceased. He was married to her in the year 1912. Deceased prior to her death had executed a will. It was drawn by Mr. Garrett, an attorney in Tulsa, Okla. He was present at the time the will was drawn. Immediately after it was drawn it was signed by deceased in Mr. Garrett's office and witnessed at deceased's request by two witnesses in his presence and in her presence and further testified that the will was lost and could not be produced.

Robert Wilson and Henry A. Earns both testified that they were acquainted with deceased during her lifetime and knew that she had executed a will; that at her request and in her presence they signed the will as a witness, but that they did not remember and could not testify as to the contents or provisions of the will.

Morse Garrett testified he was a practicing attorney with offices in the city of Tulsa; he was acquainted with Jensey Johnson during her lifetime. He prepared a will for her which she signed, and at her request and in her presence Robert Wilson and Harry Earns signed their names to the will as witnesses. The will was left with him for safekeeping. He placed it in his files pertaining to deceased's business and in the filing cabinet where he kept his business files. After the death of Jensey Johnson petitioner came to his office, asked for the will and stated he wanted it probated. He then looked for the will and was unable to find it; that deceased had never withdrawn the will from his custody; that the last time he saw the will it was in her file in the cabinet where he placed it. He further testified that he had recently moved his office and that he could not explain the loss of the will except that it might have been lost while moving his office. As to the contents and provisions of the will, Mr. Garrett testified that when deceased requested him to draw the will for her she told him what she wanted the will to state; that her general instructions were she wanted all of her debts paid, also the expense of sickness and burial expenses, and after such payments were made she wanted Willie Johnson to have the rest of her estate; that he drew the will for her and put these provisions in it.

This, in substance, constitutes the evidence offered by petitioner.

While the evidence clearly shows that deceased had executed a will and that in some way it was lost, petitioner has, however, failed to prove the provisions thereof clearly and distinctly by two credible witnesses as provided by statute.

58 O. S. 1941 §82 provides:

"No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator or is shown to have been fraudulently destroyed in the lifetime of testator, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses."

Only one witness testified as to the provisions of the will. The statute requires two. The statute in this respect is mandatory and must be strictly complied with in order to authorize the probate of a lost will. Day v. Williams, 184 Okla. 117, 85 P. 2d 306. The trial court properly sustained protestants' demurrer to the evidence.

Petitioner, however, further contends that the trial court committed error in refusing his request to reopen the case and to introduce a witness who, counsel stated, would testify that immediately after the execution of the

will decedent stated to her that she had made a will and stated the manner in which she had disposed of her property by the will. Counsel in their brief say that the witness would have testified that decedent had stated to her that under the terms of the will she gave all of her estate to petitioner after her debts and burial expenses were paid. Assuming that the witness would have so testified the trial court nevertheless ruled correctly in refusing to reopen the case and in excluding this evidence. The declarations of decedent or testatrix as to the provisions of the will were inadmissible in evidence to prove the provisions of the alleged lost will. In the case of Day v. Williams, supra, we said:

"Two witnesses required by statute to prove the provisions of a lost or destroyed will must each be able to testify to the provisions of the will from his or her own knowledge and not from declarations of another, even the testator himself."

Courts in other states have likewise so held as may be noted by an examination of the numerous cases referred to by the court in the case above mentioned.

Petitioner further contends that protestants are not parties in interest and therefore have no right to appear as protestants herein. This question was raised in the trial court by demurrer to the protests and motion to dismiss appeal, which demurrer and motion were overruled by the trial court. This ruling is assigned as error.

It is contended by petitioner that since decedent was a full-blood Indian, the validity of the will alleged to have been executed by her is governed by the proviso contained in section 23, of the Act of Congress of April 26, 1906, as amended by the Act of Congress of May 27, 1908. The proviso reads as follows:

"Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parents, wife, spouse or children of such full-blood Indian unless acknowledged before and approved by a Judge of the United States court for the Indian Territory or a United States Commissioner or a Judge of a county court of the State of Oklahoma."

It is urged by counsel that since protestants do not belong to any class of persons who may not be omitted from the will without it being acknowledged and approved as provided by the Act of Congress above referred to, they have no right to appear in opposition to the probate of the alleged lost will. In support of this contention they cite Garrett Co. v. Collins, 103 Okla. 153, 229 P. 569; Worley v. Muskrat, 168 Okla. 302, 32 P. 2d 936. These cases hold that one, who does not come within any of the classes named in the Act of Congress referred to as parties who may not be omitted from the will without the will having been acknowledged and approved as provided by the Act, cannot raise the question that the will is invalid as to them because it was not so acknowledged and approved.

Obviously, these cases have no bearing on the question here presented. Protestants are not seeking to contest an admittedly existing will on the ground that it is invalid under the Federal Act because not acknowledged and approved as thereby provided. They are here protesting the probate of an alleged lost will on the grounds: (1) that no will was ever executed by decedent; or, (2) if executed, the provisions thereof have not been proven by two credible witnesses as provided by the statute.

The Act of Congress relied upon does not prescribe the manner in which the lost will of a full-blood Indian may be proven or established, nor does it designate the persons who may appear and protest the probate of such will. The state statute in these respects therefore governs. Since petitioner has failed to prove the provisions of the lost will by two credible witnesses as provided by state statute, and since the record

shows that protestants are interested parties and claim to be heirs of deceased, they are proper parties under the provisions of 58 O. S. 1941 §29 to protest the probate of the lost will and the trial court ruled correctly in refusing to admit the lost will to probate.

Judgment affirmed.