In the Matter of the **ESTATE** of
Mattie **MOLLOY**, Deceased.

Lowry **MOLLOY**, Appellant,

v.

Tom **GILLENTINE** and **Kenneth L. Molloy**,
Co-Executors, Appellees.

No. 47092.

Court of Appeals of Oklahoma,
Division No. 1.

March 4, 1975.

Released for Publication by Order of Court
of Appeals July 10, 1975.

Fancher & Moore, Hollis, for appellant.

Myers & Cummins, Hollis, for appellees.

BOX, Judge:

An appeal by Lowry Molloy, nephew and protestant, to the admission of a lost will to probate.

Miss Mattie Molloy died in the Jackson County Memorial Hospital in Altus, Oklahoma on October 13, 1973. At the time of her death she was a resident of Hollis, Harmon County, Oklahoma. The decedent was ninety years of age at her death. On the 22nd day of October, 1973, appellant herein, Lowry Molloy, filed in the District Court of Harmon County, Oklahoma, a Petition for Letters of Administration on the estate of Mattie Molloy, deceased, alleging that decedent died intestate and further alleging that said appellant, Lowry Molloy, nephew of decedent, and Kathryn Molloy Huff, niece of decedent, and Gerald Scott Molloy, nephew of decedent, and a great-niece and great-nephew, their names being unknown, are and were the sole and only Heirs at Law of said decedent. This application was set for hearing by the judge of said court for Monday, November 19, 1973, at 1:30 o'clock p. m.

On the 23rd day of October, 1973, Kenneth L. Molloy and Tom Gillentine, appellees herein, filed in the District Court of Harmon County, Oklahoma, a Petition for Probate of Lost Will alleging among other things, that they were named as co-executors in the alleged lost will. Appellees further alleged "that the said Will had a legal existence and remained unrevoked at the time of the death of the said Testatrix; that the same cannot be found, although thorough search has been made for the same." A carbon copy, undated and unexecuted, of the purported original will was attached to the petition.

On the 19th day of November, 1973, appellant Lowry Molloy filed his exceptions to the admission of the alleged lost will to probate, as follows:

*"OBJECTION TO ADMISSION
OF WILL TO PROBATE*

"Comes now Lowry Molloy, nd represents and shows to the Court as follows:

"That he is a nephew and heir at law of Mattie Molloy, deceased. That he objects to the admission of the purported will presented herein for the reason that the same was not in existence at the time of the death of the testatrix.

"Wherefore, petitioner prays that said will be denied probate."

Thereafter on the 19th day of November, 1973, the above matters were combined for hearing, and evidence was taken by the trial court. After the overruling of appellant's demurrer to the evidence, the trial

court upheld the petition of appellees herein, admitting a copy of the lost will to probate. Thus this appeal.

Appellees produced seven witnesses at the hearing, one an attorney from Texas who drew up the will of decedent and identified appellees' Exhibit 3 as a copy of the will that was prepared at her request and testified that he mailed the will to her for her signature although he did not see her sign same. One who was an attesting witness, testified that he signed same in the presence and at the request of the decedent, but did not read the entire purported will before signing same. One who was also an attesting witness who signed the purported will at the request of the decedent and in the presence of the other attesting witnesses. Upon further inquiry the witness testified that he believed that appellees' Exhibit 3, a photo copy of a will, to be a true copy of the instrument that he attested as the will of decedent. Other witnesses testified as to being with the decedent at various times, during her life time and immediately prior to her death, and stated that decedent made mention of the fact that "she had been seriously considering making some changes in her will." Other witnesses testified to finding decedent's trunk and strong box pilfered and broken into with papers scattered about, and the finding of the proffered instrument in the home of decedent.

Appellant presents argument as follows:

"I. The Trial Court erred in sustaining Appellee's Petition for probate of Lost Will in that the presumption of Intestacy was not overcome as required by the Statutes and Laws of the State of Oklahoma.

"II. The Trial Court erred in sustaining Appellee's Petition for probate of Lost Will in that the purported Lost Will was not proved to be in existence at the time of the death of the Decedent as required by the Statutes and Laws of the State of Oklahoma.

"III. The Court erred in sustaining Appellee's Petition for probate of Lost Will in that the provisions of the purported Lost Will were not clearly and distinctly proved by at least two credible witnesses as required by the Statutes and Laws of the State of Oklahoma."

There appears to be only three cases in Oklahoma regarding 58 O.S.1971, § 82. Those are *Day v. Williams,* 184 Okl. 117, 85 P.2d 306 (1938); *Johnson v. Bruner,* 203 Okl. 201, 219 P.2d 211 (1950); and *Janzen v. Claybrook,* 420 P.2d 531 (Okl.1966), which both parties have cited, together with cases from other jurisdictions.

58 O.S.1971, § 82 reads as follows:

"No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator or is shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses."

It is interesting to note the statement of the Supreme Court in the case of *Day v. Williams, supra,* wherein at p. 310 the following appears:

"In the demurrer of the contestants to the evidence of the proponent of the will, it was alleged that the evidence wholly failed to establish by two credible witnesses, (1) the execution of the will; (2) that the will was in existence at or after the death of the testator; and (3) the contents of the will as provided by law. It was the contention of the protestants that each of these requirements must be clearly and distinctly proved by at least two credible witnesses. It is the contention of the proponent that it is only the provisions of the will that is required to be proven by two credible witnesses.

"There is no provision in section 1118, O.S.1931, 58 Okl.St.Ann. § 82, supra, that requires proof by two witnesses of the execution of a lost will or of its existence at the time of the death of testa-

**1402**

tor. Sufficient testimony to convince the court of the fact is all that is required, and the court is in no way bound to accept uncontradicted testimony. The requirement of the proof of at least two credible witnesses applies only to the provisions of the lost will which must be clearly and distinctly proven."

The trial court, in the case now under review, found in the Order Admitting Will to Probate, among other matters the following:

"That in the year 1966, MATTIE MOLLOY, now deceased, executed her last will and testament; and that said execution was duly performed, and duly witnessed, and in all respects conforms to the requirements of the Statutes of the State of Oklahoma; and that at the time of the execution thereof, said MATTIE MOLLOY was of full age, and in full command of her mental facilities, and that said execution was free from fraud, coercion, or undue influence.

"That due to unknown circumstances, the executed will of MATTIE MOLLOY was lost or misplaced after her death, and despite the use of reasonable diligence, has not been discovered.

"That proponents exhibit number three produced in evidence herein is a true and correct copy of that duly executed will.

"That such duly executed will was in existence at the time of death of the testatrix. That the provisions of said will have been satisfactorily proven before this Court by two credible witnesses.

"That all and each of the requirements of Title 58 Oklahoma Statutes, Sections 81 and 82, have been fully met by the evidence presented herein."

From a review of the record we find that the appellees met the burden of proof required under 58 O.S.1971, § 82, *supra;* we therefore affirm the action of the trial judge.

Affirmed.

ROMANG, P. J., and REYNOLDS, J., concur.