**In the Matter of the ESTATE of Lois Jane ROBB, Deceased.**

**Donald W. WEATHERS, Appellant,**

v.

**J. Hugh HERNDON, Appellee.**

**No. 50507.**

Court of Appeals of Oklahoma, Division No. 1.

June 13, 1978.

Released for Publication by Order of Court of Appeals July 6, 1978.

Wilbert G. Smith, Oklahoma City, for appellant.

Bill Hutchison, Midwest City, for appellee.

REYNOLDS, Judge:

Donald W. Weathers appeals from an order admitting the last will and testament of his mother, Lois Jane Robb, to probate. This interlocutory order is appealed under the authority of 58 O.S.1971, § 721.2. As the contestant of the alleged lost will of the deceased, Mr. Weathers has elected to prosecute this appeal under Rule 1.21 of the Rules of Civil Appellate Procedure, 12 O.S. 1971, Ch. 15, App. 2, placing the burden on the appellee, J. Hugh Herndon, proponent of the lost will and executor of the decedent's estate, to designate that portion of the transcript satisfying the requirements of proof of a lost will under 58 O.S.1971, § 82 as follows:

§ 82. SPECIAL REQUISITES OF PROOF.—No will shall be proven as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator or is shown to have been fraudulently destroyed in the lifetime of the testator, *nor unless* its provisions are clearly and distinctly proved by two witnesses. (Emphasis supplied.)

This quoted statute was examined in *Day v. Williams,* 184 Okl. 117, 85 P.2d 306 (1938). The requirement of the statute that two witnesses must distinctly prove the provisions of a lost will was explained in the Court's third syllabus in *Day,* supra, as follows:

"[The] Two witnesses required by statute to prove the provisions of a lost or destroyed will must each be able to testify to the provisions of the will from *his or her own knowledge* and not from declarations of another, even the testator himself." (Emphasis supplied.)

The appellee quotes *In re Estate of Malloy,* 539 P.2d 1400 (Okl.App.1975), stating it specifically overrules *Day v. Williams,* supra. The quoted passage came from *Day,* supra, and is as follows:

" 'There is no provision in Section 1118, O.S.1931, 58 Okl.St.Ann. 82, supra, that requires proof by two witnesses of the execution of a lost will or of its existence at the time of the death of testator. Sufficient testimony to convince the court of the fact is all that is required, and the court is in no way bound to accept uncontradicted testimony. The requirement of the *proof of* at least *two credible witnesses* applies only to the *provisions* of the *lost will* which must be clearly and distinctly proven.' " (Emphasis supplied by this Court.)

We hold *Malloy,* supra, does not overrule *Day* but quotes the prior case as authority.

The will under examination was drawn in the law office of Mr. Herndon. He testified that the will was drawn by a legal intern on a day when he was out of the office. The next day the deceased gave him a key to a safety deposit box in order that the original will deposited therein would be secure. Mr. Herndon never saw the executed will according to his own testimony on cross-examination:

Q Then the next day after that will was written and executed, Mrs. Robb came to you?

A The next afternoon.

Q The next afternoon. Now did she have the original will with her?

A No.

Q She didn't have the original will?

A No.

Q Have you ever seen the original will?

A No.

The testimony of two additional witnesses was designated by the appellee. The testimony of Raymond Grant, an employee of Republic Bank, establishes that an unauthorized person made entry to the safety deposit box in which the deceased had said she placed the lost will one month and 16 days prior to her death. Mr. Grant does not state he saw or read the will, however. The remaining witness is Geneva Green, one of the two witnesses to the will in question. Mrs. Green testified as follows:

Q Do you recall any conversation with her about a will?

A I witnessed a will, and talked to her about the grandson. She had a grandson with her at the time, and she made references to the fact that she wanted to take care of him.

\* \* \* \* \* \*

Q Did you read her will?

A No, not all of it. No.

Q Just what . . . .

A She just asked me to witness it.

Q She just asked you to witness the will?

A Yes.

\* \* \* \* \* \*

Q So, you were there, and you—she said she wanted you to witness a will and so you signed your name there?

A Uh hum.

Q Is that what happened?

Q Yes. We visited a little bit before I signed it.

We have searched the designated record and find that nowhere does any witness testify they saw the provisions of the original, signed will, although there is evidence the decedent talked with two of the witnesses about her desire to provide for her grandson. In *Janzen v. Claybrook,* 420 P.2d 531 (Okl.1966), the Oklahoma Supreme Court held in its first syllabus the statute relating to the proof of a lost or destroyed will is mandatory and may not be disregarded. *Johnson v. Bruner,* 203 Okl. 201, 219 P.2d 211 (1950), and *Day v. Williams,* supra, hold the two witnesses mentioned in the statute (58 O.S.1971, § 82) must be able to testify to the provisions of the will from his or her own knowledge and not from the declarations of another, even the testator himself. There is no testimony in the record satisfying this requirement; no witness could testify what provisions were made in the original will, save from declarations of the testator. The mandatory requirements for proof of a lost will under 58 O.S.1971, § 82 were not met. The order admitting the lost will of Lois Jane Robb to probate is Reversed and the cause is Remanded to the trial court.

REVERSED AND REMANDED.

BOX, P. J., and ROMANG, J., concur.