In the Matter of the **ESTATE OF Loretta WILSON, Deceased.**

No. 82072.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 22, 1994.

Rehearing Denied April 5, 1994.

Certiorari Denied May 24, 1994.

Julia L. Neftzger, J. Ralph Moore, Pryor, for appellants.

Gerald R. Lee, Pryor, for appellee.

### MEMORANDUM OPINION

JONES, Presiding Judge:

This is an appeal from an interlocutory order admitting a lost holographic will to probate. Because the proof adduced at trial does not meet the legal standard for admission of a lost will, the cause must be reversed.

Loretta Hamilton Wilson died on September 18, 1992. Thomas Wilson, her husband filed a Petition to probate her holographic will. The court appointed Mr. Wilson as special administrator.

The will, dated June 22, 1992, did not have the final page showing the signatures or the distribution provisions. It appears to have been torn (by unknown parties) from a notebook. Appellant, Mrs. Wilson's daughter from a previous marriage, contested the admission. During the proceedings the trial court admitted the first three pages of the will without objection. These pages generally stated what Mrs. Wilson wanted done with her body upon her death, her directions regarding payment of debts and taxes, provisions bequeathing five dollars to her son and to her daughter, and explained the reasons for the disinheritance.

Mark Wilson, Mr. Wilson's son by a previous marriage, testified he saw the will in question in August, 1992. Mrs. Wilson discussed the will with Mark because Mark was co-guardian of her grandson, Patrick. Mrs. Wilson read the will to Mark. Although he did not actually read the will himself, he saw the words she was reading. In this regard, the transcript of the trial reveals the following:

Q. Okay, And is that [will] what you saw there when you and Loretta were in her kitchen area?

A. Yes, it is what she read to me.

Q. Did you actually see the words on the paper?

A. I saw the words, I did not read every single word along with her. I was sitting there listening to her and I watched her reading from this. *I saw some of the words that she was reading,* but not every dotted "I" and crossed "T" and stuff, but um,—

Mr. Wilson testified he and Mrs. Wilson discussed her will in great length. He had read the will and stated the last page was missing from the will sought to be probated. The will was in her handwriting and was dated. He had seen her signature on the will and was sure it was the same will. He testified what the provisions of the will were, and remembered her handing the will to her attorney and telling him it was her last will and testament. She never had it in her possession after that.

Title 58 O.S.1991 § 82 (since amended, see 58 O.S.1993 Supp.) states:

No will shall be proved as a lost or destroyed will, unless the same is proved lost unless the same is proved to have been in existence at the time of the death of the testator or is shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses.

Mr. Wilson read the will, and his testimony on this fact is distinctly proved by his testimony, which is uncontradicted. Mark Wilson, however, testified the will was read to him, and he saw some of it. There is no testimony that any other person read the will, as distinguished from having the will read to them by the testator. In *Day v. Williams,* 184 Okl. 117, 85 P.2d 306 (1938), the following appears in the third court syllabus:

[The] Two witnesses required by statute to prove the provisions of a lost or destroyed will must each be able to testify to the provisions of the will from his or her own knowledge and not from declarations of another, even the testator himself.

■ The admission of a lost will to probate is properly refused in the absence of proof of the provisions of the will by two credible witnesses, and the declarations of the testatrix is inadmissible to prove the provisions of an allegedly lost will. *Johnson v. Bruner,* 203 Okl. 201, 219 P.2d 211 (1950); *In re Robb's Estate,* 581 P.2d 1327 (Okl.App. 1978). The evidence needed to establish the existence and the contents of the will which is not produced must be clear and convincing. *Day v. Williams, supra.* Here, there is no evidence that two people read the will, and certainly there is no evidence of that fact that is clear and convincing. To illustrate the importance of the lack of first-hand knowledge here, it is to be noted that the witness looking over the testatrix's shoulder and not reading all of it could easily have missed a "not" or a "but", which would easily have changed the provision's effect. The proof of the will's provisions is statutorily inadequate. It was thus error for the trial court to admit the lost, holographic will into evidence.

Finding the admission of the will to probate to be erroneous as discussed above, it is unnecessary to examine the other allegations of error offered to establish the admission to be error. Accordingly, the order allowing the will to probate must be reversed and the cause must be remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

ADAMS, J., concurs.

HANSEN, J., dissents with separate opinion.

HANSEN, Judge, dissenting.

I dissent to reversal of this action. In addition to the testimony quoted by the majority, Mark Wilson testified to several different provisions. Mrs. Wilson devised certain property to her step son, Mark's dad, and also made several bequests to his dad. There were also gifts to her granddaughter, her great grandson and Patrick. Mark remembered these bequests in detail. He testified he saw her signature on the last page. He was positive there existed a last page.

Patrick, who is twelve, lived with Mrs. Wilson until her death. He testified he had seen the spiral notebook containing the will many times. She told him it was her will

and read parts of it to him. He recognized her handwriting. He knew there was another page because he saw her signature on it. He remembered the provisions disinheriting her two children.

A woman who worked for the Wilsons testified. Mrs. Wilson had discussed the will with her. Although she had never seen the will, Mrs. Wilson told her what it said. Another friend of Mrs. Wilson testified she had seen the will. Mrs. Wilson had pointed out her signature on the last page and told her what the will said.

The final witness for the proponents was an attorney and former judge. He testified as an expert witness without objection from Appellants. He testified, based on a hypothetical, that the will was admissible for probate. Appellants cross examined the expert and the trial court also inquired of this witness. Appellants presented no witnesses or evidence on their own behalf.

Appellants attempt to invoke the presumption of revocation pursuant to 84 O.S.1991 §§ 101, 102. If a last will and testament cannot be produced it is presumed to have been revoked. *In the Matter of the Estate of Glenn C. Shaw,* 572 P.2d 229 (Okla.1977). However, there is no evidence the will was revoked in the manner set out in the above sections. Production of all but one of the pages refutes any presumption the will was destroyed.

The trial court may not ignore unimpeached and uncontradicted credible evidence. *Spillers v. Colby,* 391 P.2d 895 (Okla. 1964). Evidence tending to prove essential facts directly, indirectly, or by permissible inference is sufficient to support a judgment. *Sisler v. Jackson,* 460 P.2d 903 (Okla.1969). We therefore must take as true the testimony of proponents' witnesses. The question then becomes on of law as to whether the evidence is sufficient to meet the requirements of §§ 81–84.

The trial court had before it all but one page of the will. Witnesses testified as to the execution and validity thereof as required by § 81. Witnesses unanimously agreed it was in existence at the time of Mrs. Wilson's death. Two credible witnesses testified

clearly and distinctly as to its provisions. There was no inconsistency in what it contained. The trial court, the sole judge of the credibility of witnesses, heard the testimony and weighed it. The trial court found Proponents proved, by clear and convincing evidence, execution of the will by Mrs. Wilson, existence of the will at Mrs. Wilson's death and the provisions of the will. *Janzen v. Claybrook,* 420 P.2d 531 (Okla.1966). Proponents met their burden of proof. *In the Matter of the Estate of Molloy,* 539 P.2d 1400 (Okla.App.1975). In my opinion the trial court did not err in admitting the will to probate.